## CHARLES E. PHILLIPS *versus* WILLIAM T. PEARSON.

Prior to July 1, 1857, when c. 11* of the Pub. Laws of 1857 went into effect, "the right to cut and carry away timber or grass from land sold by the State of Maine or Massachusetts, in which the soil was not sold," was not subject to attachment.

And then such right can only be attached as an interest in real estate.

An attachment of real estate, made upon a writ containing a count upon a note, and a count for money had and received, without any specification of the claim to be proved under it, is void.

ON REPORT.

TROVER for timber cut on certain public lots.

The State of Maine conveyed certain public lots of land which were located, to one Charles Crosby, who conveyed them to Horace Jenness. While Jenness owned them, the plaintiff sued out a writ against Jenness upon a promissory note, which writ contained a count upon the note and also a general money count, without any specification of the

---

*Pub. Laws of* 1857, c. 11, § 1. The right to cut and carry away timber or grass from land sold by the State of Maine or Massachusetts, in which the soil was not sold, may be attached as an interest in real estate, and set off on execution in the same manner as other real estate, and the conveyances of such right shall be recorded in the registry of deeds in the county where the land lies.

nature of the demand under the latter count. Upon this writ, the officer attached the said Jenness' real estate, and also the trees and grass growing upon the lots as personal property. Subsequent to the attachment, Jenness conveyed the lots to the defendant. After the last conveyance, the plaintiff having recovered a judgment on his writ, levied his execution on the lots.

If the action could not be maintained, plaintiff was to be nonsuit.

*McCrillis*, for the plaintiff.

*J. A. Peters*, for the defendant.

DANFORTH, J. — An action of trover for a quantity of logs, and the rights of the parties depend upon the title to the land upon which they were cut. Both claim under Horace Jenness; the defendant by a deed and the plaintiff by a prior attachment followed by a subsequent levy. It follows that the right of the plantiff to recover depends upon the validity of his attachment, upon a writ in his favor against Jenness, dated January 9, 1857, which is made a part of the case. Upon that writ, the interest of Jenness in the trees and grass growing upon the lot was attached as personal property; and also his interest in the land.

The former attachment is invalid, because, at the time it was made, January 10, 1857, such an interest was not attachable, the statute making it so not having been passed till March, 1857; and, if it were so, it should have been attached as real estate. Statute of 1857, c. 11.

The latter attachment was void against subsequent purchasers, because the writ contained a count on a note and a general money count without any specification of the nature of the plaintiff's demand under that count. Hence the plaintiff's title can only date from his levy, while the defendant claims under a prior deed. *Plaintiff nonsuit.*

APPLETON, C. J., KENT, DICKERSON and BARROWS, JJ., concurred.